# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>             Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>             Defendants. | **Case No.  1:13-cv-00311-SMS (PC)**<br><br>**ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**(Doc. 8)** |

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, filed the complaint in this action on March 5, 2013.  Doc. 1.

In the complaint, Plaintiff alleged that Governor Brown had authorized the other Defendants' sexual abuse and harassment of Defendant in violation of the Eighth Amendment.  The complaint failed to state specific factual details and the dates of the occurrences of which Plaintiff complained.  The majority of the allegations were legal conclusions rather than detailed factual allegations.

///

1

On March 19, 2014, the Court ordered Plaintiff to submit within thirty (30) days a more definite statement of facts so that the Court could screen the complaint in compliance with 28 U.S.C. § 1915A.  Doc. 7.  The order warned Plaintiff that failure to comply as directed might result in the dismissal of this action under F.R.Civ.P. 41(b) without further notice.  Nonetheless, Plaintiff did not provide a more definite statement of facts, request an extension of time to comply, nor respond to the Court's order in any other way.

On April 24, 2014, after more than thirty days had passed, the Court ordered Plaintiff to show cause within fifteen days why this action should not be dismissed, warning her that this action would be dismissed if she failed to respond.  Doc. 8.  Although the fifteen-day deadline has expired, Plaintiff has not complied with or otherwise responded to either of the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006), *quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  These factors guide a court in deciding how to proceed when a plaintiff fails to actively prosecute his or her case.  *Id.*

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action cannot proceed without Plaintiff's cooperation and compliance with the orders at issue.

///

Accordingly, this action is hereby DISMISSED, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

| Dated: | **June 10, 2014** | **/s/ Sandra M. Snyder** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |